John J. E. Markham, II (CA Bar No. 69623)
Email: jmarkham@markhamreadzerner.com
MARKHAM READ ZERNER LLC
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604

*Attorneys for Defendants Howard Mann,*
*Alternate Health Corp., Alternate Health USA Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Gregory Hannley, Rick Darnell, Alex Draghici, Vivera Pharmaceuticals Inc., Farah Barghi, and Paul Edalat, <br><br>             Plaintiffs, <br><br>    v. <br><br>Howard Mann; Bruce E. Cahill; Robert Charles Blaine aka Robert Charles Allen-Blaine; Federico Cabo; Blaine Laboratories Inc. aka Blaine Labs; Alternate Health Corp.; Alternate Health USA Inc.; Does 1 through 20, inclusive, <br><br>             Defendants. | **CASE NO:  2:21-cv-02043-JLS-DFM** <br><br>**HOWARD MANN, ALTERNATE HEALTH CORP., AND ALTERNATE HEALTH USA INC.'S ANSWER TO FIRST AMENDED COMPLAINT OF GREGORY HANNLEY, RICK DARNELL, ALEX DRAGHICI, FARAH BARGHI, AND PAUL EDLAT** |

Defendants Howard Mann, Alternate Health Corp. ("AHC"), and Alternate Health USA Inc. ("Alternate Health USA") (referred to collectively as "Alternate Health Parties") hereby answer the First Amended Complaint of Gregory Hannley, *et al*. as follows:

## JURISDICTION AND VENUE

1.     Admit.

2.     Admit

3.     Admit

4.     Admit

## THE PARTIES

5.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis, denied (herein, "DKI").

6.     DKI.

7.     DKI.

8.     Admit.

9.     Admit.

10.     Admit.

11.     Admit.

12.     Admit.

13.    Admit except deny that Blaine is the President and Chief Medical Officer of Alternate Health Corp. as he resigned in 2020.

14.    Admit.

15.    Admit that Alternate Health Corp. is a Canadian corporation with its principal place of business in Toronto, Canada and that Defendant Alternate Health USA Inc. is a Delaware corporation with its principal place of business in Toronto, Canada but deny all the rest of the allegations in this paragraph.

16.    Admit except deny that Cabo is or was a board member of Alternate Health Corp.

17.    DKI.

18.    Deny.

19.    Deny.

## FACTUAL ALLEGATIONS

**A.    Prior contacts between the parties**

**1.    Cahill**

20.    Admit that Olivia Karpinski is employed by plaintiff Vivera Pharmaceuticals, was previously employed by a company called Pharma Pak where Bruce Cahill was CEO, and in or about 2017, Olivia accused Cahill of sexually harassing her and other misconduct and that Cahill was represented by

Markham & Read. Otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegation and/or deny all other allegations in this paragraph.

21. DKI.

22. DKI.

23. DKI.

24. DKI.

**2. Howard Mann and Alternate Health Corp.**

25. Admit that a Consulting Agreement was made effective on January 9, 2017, and was entered into between Edalat on the one hand and Alternate Health Corp. and Alternate Health USA on the other, admit that on January 9, 2017, a Sublingual Licensing Agreement was entered into between Sentar on the one hand and Alternate Health Corp. and Alternate Health USA on the other, and admit that a Manufacturing Agreement was made effective on January 16, 2017, and was entered into between Sentar on the one hand and Alternate Health USA on the other. The terms of each contract speak for themselves and otherwise, the rest of the allegations in this paragraph are denied.

26. Deny.

27. Deny.

28.    Admit that Alternate Health Corp. did not remove the restrictive legends because they had discovered and believed that Edalat and others induced the contracts (through which the stock was issued) by fraud and otherwise deny the allegations in this paragraph.

29.    Admit that on October 26, 2017, Alternate Health Corp. and Alternate Health USA Inc. filed suit against Edalat and others for their fraud. The case was filed by the firm Quinn Emanuel (Case No. 8:17-cv-1887-CJC-JDE in this District) and admit that months later, in August 2018, John Markham and his firm were retained to substitute in as counsel. Admit this lawsuit is pending.  Deny the rest of the allegations in this paragraph.

30.    Deny.

31.    Admit that the Alternate Health Corp. stock significantly declined and was then delisted by the Canadian Stock Exchange.

32.    Deny as Mann has never even heard of any such report by Edalat.

32A.  Deny.

### 3.    Robert C. Blaine and Blaine Laboratories

33.    Admit Robert C. Blaine is a medical doctor licensed in California and owned a company called Blaine Laboratories and that Blaine Laboratories and Vivera entered into a business arrangement but otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegation and/or deny all other allegations in this paragraph.

34.    DKI.

35.    DKI.

36.    DKI.

37.    Admit except that thereafter, the transaction was unwound and dissolved, and Dr. Blaine resigned. This occurred after Alternate Health Corp. was delisted and thus no announcements were required.

38.    Admit that there has been a joint defense against the various frauds perpetrated by Edalat and to defend against various meritless allegations made by Edalat against his victims.

39.    DKI.

40.    DKI.

### 4.    Federico Cabo

41.    DKI as to Cabo's dealings with Edalat and otherwise deny.

42.    DKI.

43.    Deny that Mann decided, planned, or agreed to "destroy Edalat, his family and their associates" and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegation with regard to what Cabo decided to do with anyone else.

44.    Deny.

**B.    Defendants' Campaign of Terror and Libel**

45.    DKI.

46.    Admit that Oren Bitan represented Edalat in litigation and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegation and on that basis deny.

47.    DKI.

48.    DKI.

49.    DKI.

50.    DKI.

51.    DKI.

52.    DKI.

53.    DKI.

54.    DKI.

55.    DKI.

56.    DKI.

57.    DKI.

58.    DKI.

59.    Deny.

60.    DKI.

61.    DKI.

62.    Admit that the website seems to have gone live in or around that time and said what it said but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny.  Also denied to the extent part of these allegations call for legal conclusions.

      a.  Admit that the website said what it said but otherwise deny as to the allegations that any false or defamatory statements were made by the Alternate Health parties.

      b.  Admit that the website said what it said but otherwise deny as to the allegations that any false or defamatory statements were made by the Alternate Health parties.

      c.  Admit that the website said what it said but otherwise deny as to the allegations that any false or defamatory statements were made by the Alternate Health parties. This paragraph also sets forth legal conclusions and questions of law to which no response is required.

      d.  Admit that the website said what it said but otherwise deny as to the allegations that any false or defamatory statements were made by the Alternate Health parties.

      e.  Admit that the website said what it said but otherwise deny as to the allegations that any false or defamatory statements were made by the

Alternate Health parties. This paragraph also sets forth legal conclusions and questions of law to which no response is required.

f.  Admit that the website said what it said but otherwise deny as to the allegations that any false or defamatory statements were made by the Alternate Health parties. This paragraph also sets forth legal conclusions and questions of law to which no response is required. Deny that Mann or Alternate Health Corp. or Alternate Health USA Inc. had any part in publishing statements on this website.

g.  Admit that the website said what it said and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny.

h.  Admit that the website said what it said and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny.

i.  Admit that the website said what it said and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny.

j.  Admit the website said what it said but otherwise deny as to the allegations that any false or defamatory statements were made by the Alternate Health parties.

k.  Admit the website said what it said but otherwise deny as to the
allegations that any false or defamatory statements were made by the
Alternate Health parties.

63.  Admit the website said what it said but otherwise deny as to the
allegations that any false or defamatory statements were made by the Alternate
Health parties.

64.  Admit the website said what it said but otherwise deny as to the
allegations that any false or defamatory statements were made by the Alternate
Health parties.

65.  Admit the website said what it said but otherwise deny as to the
allegations that any false or defamatory statements were made by the Alternate
Health parties.

66.  Admit the website said what it said but otherwise deny as to the
allegations that any false or defamatory statements were made by the Alternate
Health parties and otherwise deny the allegations in this paragraph.

67.  Admit the website said what it said but otherwise deny as to the
allegations that any false or defamatory statements were made by the Alternate
Health parties and otherwise deny the allegations in this paragraph.

68.  DKI.

69.  DKI.

69A.   DKI.

70.   DKI.

71.   The Alternate Health Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Edalat placing disguised phone calls to Cahill and Cabo and on that basis deny and otherwise deny all the allegations in this paragraph, including deny that the Alternate Health Parties were involved with the website.

72.   Deny.

73.   DKI.

74.   The Alternate Health Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding disguised calls and anonymous texts and on that basis deny and otherwise deny all the allegations in this paragraph, including deny that the Alternate Health Parties were in any way involved in creating or developing, or publishing the website.

75.   DKI and specifically deny as to the Alternate Health Parties.

76.   DKI and specifically deny as to the Alternate Health Parties.

77.   DKI and specifically deny as to the Alternate Health Parties.

78.   DKI and specifically deny as to the Alternate Health Parties.

79.   DKI and specifically deny as to the Alternate Health Parties.

80.   DKI and specifically deny as to the Alternate Health Parties.

81.   DKI and specifically deny as to the Alternate Health Parties.

82.   DKI and specifically deny as to the Alternate Health Parties.

83.   DKI and specifically deny as to the Alternate Health Parties.

84.   DKI and specifically deny as to the Alternate Health Parties.

85.   DKI and specifically deny as to the Alternate Health Parties.

86.   DKI and specifically deny as to the Alternate Health Parties.

87.   DKI and specifically deny as to the Alternate Health Parties.

88.   DKI and specifically deny as to the Alternate Health Parties.

89.   DKI and specifically deny as to the Alternate Health Parties.

90.   DKI and specifically deny as to the Alternate Health Parties.

91.   DKI and specifically deny as to the Alternate Health Parties.

92.   DKI and specifically deny as to the Alternate Health Parties.

93.   DKI and specifically deny as to the Alternate Health Parties.

94.   DKI and specifically deny as to the Alternate Health Parties.

95.   Deny.

96.   DKI and specifically deny as to the Alternate Health Parties.

97.   DKI and specifically deny as to the Alternate Health Parties.

98.   DKI and specifically deny as to the Alternate Health Parties.

99.   DKI and specifically deny as to the Alternate Health Parties.

100.   DKI and specifically deny as to the Alternate Health Parties.

101.   DKI and specifically deny as to the Alternate Health Parties.

102.   (a) to (f): DKI and specifically deny as to the Alternate Health Parties.

103.   DKI and specifically deny as to the Alternate Health Parties.

104.   DKI and specifically deny as to the Alternate Health Parties.

105.   DKI and specifically deny as to the Alternate Health Parties.

106.   DKI and specifically deny as to the Alternate Health Parties.

107.   DKI and specifically deny as to the Alternate Health Parties.

108.   DKI and specifically deny as to the Alternate Health Parties.

109.   DKI and specifically deny as to the Alternate Health Parties.

110.   DKI and specifically deny as to the Alternate Health Parties.

111.   DKI and specifically deny as to the Alternate Health Parties.

112.   Admit that counsel had a discussion that date regarding the Alternate Health Litigation but deny any relevance to the claims in this case.

112A.  DKI and specifically deny as to the Alternate Health Parties.

113.   DKI and specifically deny as to the Alternate Health Parties.

113A.  DKI and specifically deny as to the Alternate Health Parties.

113B.  DKI and specifically deny as to the Alternate Health Parties.

**D.    <u>Defendants Infringe Edalat's copyrighted images</u>**

114.   DKI (but doubt the alleged worth of those photographs).

115.   DKI.

116.   DKI and specifically deny as to the Alternate Health Parties.

117.   DKI.

**E.    Conspiracy**

118.   Deny.

118.   [number repeated in Amended Complaint]  Deny.

119.   Deny as to the Alternate Health Parties and:

(a)  DKI and specifically deny as to Mann and Cahill conspiring together.

(b)  Deny.

(c)  DKI

(d)  DKI and specifically deny as to Mann and Cabo conspiring together.

120.   DKI and specifically deny as the Alternate Health Parties.

121.   Deny.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT – 17 U.S.C. §§ 106 et seq.**

**(Direct, Contributory, Vicarious)**

**(By Paul Edalat (copyright holder) Against All Defendants)**

122.   Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

123.   Deny.

124.   Deny.

125.   Deny.

126.   Deny.

127.   Deny.

128.   Deny.

129.   Deny.

130.   Deny.

## SECOND CAUSE OF ACTION

## DEFAMATION

### (By All Plaintiffs against All Defendants)

131.   Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

132.   Deny.

133.   Deny.

134.   Deny.

135.   Deny.

136.   Deny.

137.   Deny.

## THIRD CAUSE OF ACTION

## SLANDER

### (By All Plaintiffs against All Defendants)

138.   Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

139.   Deny.

140.   Deny.

141.   Deny.

142.   Deny.

143.   Deny.

144.   Deny.

145.   Deny.

## FOURTH CAUSE OF ACTION

### LIBEL

### (By All Plaintiffs against All Defendants)

146.   Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

147.   Deny.

148.   Deny.

149.   Deny.

150.   Deny.

151.   Deny.

## FIFTH CAUSE OF ACTION

**UNFAIR COMEPTITION**

**CAL. BUS. & PROF. CODE §§ 17200, *et seq.* and Common Law**

**(By Edalat, Barghi, and Vivera against All Defendants)**

152.   Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

153.   This is a statement of law to which no response is required.

154.   Deny.

155.   Deny.

156.   Deny.

157.   Deny.

158.   Deny.

159.   Deny.

160.   Deny

161.   Deny.

## <u>SIXTH CAUSE OF ACTION</u>

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

**(By All Plaintiffs against All Defendants)**

162.   Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

163.   Deny.

164.   Deny.

165.   Deny.

166.   Deny.

167.   Deny.

168.   Deny.

169.   Deny.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (By Plaintiffs Darnell, Hannley, Draghici, Edalat, and Barghi against All Defendants)

170.   Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

171.   Deny.

172.   Deny.

173.   Deny.

174.   Deny.

175.   Deny.

176.   Deny.

## EIGHTH CAUSE OF ACTION

**CIVIL EXTORTION**

**(By Plaintiffs Vivera, Edalat, and Barghi against All Defendants)**

177.    Defendants restate and incorporate by reference the answer to each allegation set forth in every paragraph above as if fully set forth herein.

178.    Deny.

179.    Deny.

180.    Deny.

181.    Deny.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The claims are barred because they fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims are barred, in whole or in part, by the defense of truth in that the assertions made in the publication at issue are upon information and belief, all true.

**THIRD AFFIRMATIVE DEFENSE**

The defamation, slander, and libel claims are barred by the one-year statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

The defamation, slander, and libel claims are barred, in whole or in part, by the defense of parody.

**FIFTH AFFIRMATIVE DEFENSE**

The claims are barred, in whole or in part, for lack of personal jurisdiction.

**SIXTH AFFIRMATIVE DEFENSE**

The claims are barred, in whole or in part, by lack of standing.

**SEVENTH AFFIRMATIVE DEFENSE**

All claims for relief are deficient because the Amended Complaint employs impermissible "shotgun" pleading.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims are barred, in whole or in part, on the basis of estoppel.

**NINTH AFFIRMATIVE DEFENSE**

The claims are barred, in whole or in part, on the basis of laches.

**TENTH AFFIRMATIVE DEFENSE**

The copyright claim is barred by fair use.

**ELEVENTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained any injuries or losses as they allege in their claims, their claims are barred, in whole or in part, because the alleged injuries were

caused in whole or in part by their own contributory or comparative negligence, fault, or want of due care.

## TWELVTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damages, their claims are barred, in whole or in part, by the doctrine of set-off.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, due to intervening causes and the conduct of others besides Mann, Alternate Health Corp. and Alternate Health USA Inc.

## FORTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek equitable relief against the Alternate Health Parties, they are not entitled to that relief because there is an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred by the doctrine of unclean hands including but not limited to the reasons stated in the clams made by the Alternate Health Parties in their Second Amended Complaint (filed at Dkt. 72 in Case No. 8:17-cv-1887-CJC-JDE in this District).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery on their claims because granting the requested relief would unjustly enrich Plaintiffs.

WHEREFORE, Howard Mann, Alternate Health Corp. and Alternate Health, USA, Inc. pray for judgment as follows:

A. That this action be dismissed and that Plaintiffs take nothing by their claims;

B. That the Alternate Health Parities be awarded their costs of suit and attorneys' fees incurred; and

C. That this Court grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Howard Mann, Alternate Health Corp. and Alternate Health USA Inc. hereby demand a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: June 30, 2021                    Respectfully submitted,

                                         MARKHAM READ ZERNER LLC

                                         By: */s/ John J. E. Markham, II*
                                             John J. E. Markham, II

## <u>CERTIFICATE OF SERVICE</u>

Commonwealth of Massachusetts, County of Suffolk

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action.  My business address is One Commercial Wharf West, Boston, Massachusetts 02110.

On the date set forth below, I served the foregoing document described as:

**Answer to First Amended Complaint**

**[X] BY CM/ECF FILING SYSTEM on**:

Saied Kashani, Esquire *via saiedkashani@gmail.com*
800 West First Street, Suite 400
Los Angeles, California 90012


Margarita Salazar *via margarita@msalazarlaw.com*
FH and H PLLC
470 Third Avenue Suite 9
Chula Vista, CA 91910
*Counsel for Plaintiffs Rick Darnell, Gregory Hannley,*
*Alex Draghici, Vivera Pharmaceuticals Inc., Paul Edalat*
*and Farah Barghi*


C. Keith Greer *via keith.greer@greerlaw.biz*
16855 W. Bernardo Drive, Suite 255
San Diego, CA  92127
*Attorneys for Robert Blaine, Blaine Labs*
*and Bruce Cahill*


     I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

     Executed on June 30, 2021 in Boston, Massachusetts.

                     */s/ Bridget A. Zerner*
                     Bridget A. Zerner